UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. PARKER,<br><br>                              Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, a United States corporation; and DOES 1-100, inclusive,<br><br>                              Defendants. | Case No.: 3:22-cv-00819-RBM-AGS<br><br>**ORDER GRANTING MOTION FOR WITHDRAWAL AS ATTORNEY OF RECORD**<br><br>**[Doc. 11]** |

    On January 31, 2023, Warren Beck, counsel of record for Plaintiff Anthony J. Parker ("Plaintiff"), filed a motion to withdraw as counsel ("Motion"). (Doc. 11.)  The Court finds the Motion procedurally proper pursuant to Civil Local Rule 83.3(f)(3) as it has been served on Plaintiff and Defendant Wells Fargo Bank, N.A. ("Defendant"). (*Id*. at 6–7.) For the reasons discussed below, the Court **GRANTS** the Motion.

### I.       DISCUSSION

    "An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992).  "The decision to grant or deny counsel's motion to withdraw is committed to the sound discretion of the trial court."

*Thompson v. Special Enforcement, Inc.*, No. EDCV 04–1666–VAP JCRX, 2008 WL 4811404 at *2 (C.D. Cal. Oct. 27, 2008) (quoting *Kassab v. San Diego Police Dep't*, No. 07cv1071 WQH (WMc), 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008)). Courts consider several factors when ruling on a motion to withdraw as counsel, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

Mr. Beck submitted a declaration in connection with the Motion, noting he seeks to withdraw as counsel of record because of Plaintiff's "specific unreasonable behavior and conduct that has led to a deterioration of the attorney client relationship and a complete breakdown of communication with Plaintiff." (*Id.* at 6.) Mr. Beck informed Plaintiff of his intent to file the instant Motion and obtained Plaintiff's permission to withdraw as counsel of record, which was confirmed in a letter sent via United States Priority Mail to Plaintiff's last known address. (*Id.*) Plaintiff also confirmed to Mr. Beck that Plaintiff would seek other counsel. (*Id.*) Defendant was similarly alerted of Mr. Beck's Motion. (*Id.* at 4, 6.)

The Court does not find that Mr. Beck's withdrawal will cause prejudice to either Plaintiff or Defendant, especially considering Plaintiff's intention to hire other counsel. Nor does the Court find Mr. Beck's withdrawal will harm the administration of justice or delay resolution of this case, as the scheduling order in this case was recently extended. (*See* Doc. 10.) Due to the recent breakdown in communication between Plaintiff and Mr. Beck, the Court finds Mr. Beck's withdrawal appropriate in this case.

## II.   CONCLUSION

Good cause appearing, the Motion (Doc. 11) is **GRANTED**. The Clerk of the Court shall terminate Warren Beck as counsel of record for Plaintiff. Mr. Beck is hereby **ORDERED** to serve a copy of this Order on Plaintiff on or before **February 27, 2023**. On

or before **March 27, 2023**, Plaintiff is **ORDERED** to either: (i) inform the Court that Plaintiff intends to represent himself in this matter; or (ii) secure new counsel and have new counsel submit a notice of appearance.

  **IT IS SO ORDERED**.

DATE:  February 13, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE