UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. PARKER,<br><br>                              Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, a United States corporation; and DOES 1-100, inclusive,<br><br>                              Defendants. | Case No.: 3:22-cv-00819-RBM-MSB<br><br>**ORDER DISMISSING THIS ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND DENYING DEFENDANT'S MOTION FOR SUMMMARY JUDGMENT AS MOOT**<br><br>**[Docs. 16–20, 23]** |

Plaintiff Anthony Parker ("Plaintiff") is a former employee of Defendant Wells Fargo Bank, N.A. ("Defendant"). Plaintiff filed the instant employment discrimination suit in the Superior Court of California for the County of San Diego on May 11, 2022. (Doc. 1-3.) Defendant removed to this Court on June 6, 2022. (Doc. 1.)

On January 31, 2023, Plaintiff's attorney of record filed a motion to withdraw as counsel. (Doc. 11.) On February 13, 2023, the Court granted the motion. (Doc. 12.) On March 29, 2023, Defendant filed a motion for summary judgment ("Motion"). (Doc. 16.) On May 1, 2023, Defendant filed a notice of Plaintiff's failure to file an opposition to

Defendant's motion for summary judgment and request for Court to enter judgment in its favor.  (Doc. 17.).  On May 5, 2023, the Court issued an order to show cause to Plaintiff to explain why this case should not be dismissed for failure to prosecute.  (Doc. 18.)

On June 5, 2023, the Court held an order to show cause hearing related to Plaintiff's failure to file an opposition to Defendant's pending motion for summary judgment.  (*See* Doc. 19.)  Plaintiff failed to appear for the hearing.  Counsel for Defendant appeared and noted Defendant has had no communication with Plaintiff regarding this action.  (*See also* Doc. 17.)

On June 5, 2023, the Court issued an order for Plaintiff to file an opposition or non-opposition to Defendant's Motion on or before July 5, 2023.  (Doc. 20.)  The Court cautioned Plaintiff that "if he does not abide by the Court-ordered deadline contained in this Order, Defendant's summary judgment motion may be granted, and/or the case could be dismissed for Plaintiff's failure to prosecute and failure to abide by Court orders." (*Id.*) To date, Plaintiff failed to file an opposition or non-opposition to Defendant's Motion and Plaintiff's July 5, 2023 deadline has passed.  On July 12, 2023, Defendant filed a notice of Plaintiff's failure to file an opposition to Defendant's motion for summary judgment and request for Court to enter judgment in its favor.  (Doc. 23.)

For the reasons set forth below, the Court **DISMISSES WITH PREJUDICE** this action for Plaintiff's **failure to prosecute** and **DENIES AS MOOT** Defendant's Motion.

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) grants district courts the inherent authority to dismiss actions *sua sponte* for failure to prosecute or to comply with court orders.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31, (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").  "Dismissal, however, is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981) (per curiam)).  In considering whether to dismiss an action for failure to prosecute

or to comply with a court order, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

## II.     DISCUSSION

As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir.1999). As to the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. By making no attempt to respond to or explain the failure to respond to Defendant's Motion, failing to appear for the order to show cause hearing on June 5, 2023, and failing to give any indication that Plaintiff will participate in this action going forward, Plaintiff has "consumed some of the [C]ourt's time that could have been devoted to other cases on the docket." *Id.* The second factor therefore weighs in favor of dismissal. Plaintiff's failure to take action on this case has resulted in unreasonable delay that has impaired Defendant's "ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir.1987)). Plaintiff's failure to file an opposition or non-opposition to Defendant's Motion threatens to interfere with a decision regarding that Motion, which may be dispositive. Thus, the third factor favors dismissal.

As to the fourth factor, the Court has considered less drastic alternatives by providing Plaintiff an order to show cause, an opportunity to explain his failure to respond to the Motion at an order to show cause hearing, additional time to respond to the Motion, an opportunity to explain why the Court should not dismiss his case for failure to prosecute, and a warning that his failure to obey the court's order could result in dismissal. *Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the "consideration of alternatives" requirement.").

(*See* Docs. 18–20.) Plaintiff took no action in response to such notice and opportunity to be heard. This weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1262.

The fifth factor does not favor dismissal as public policy favors disposition of cases on the merits. *See Pagtalunan*, 291 F.3d at 643. Though the fifth factor weighs against dismissal, the cumulative weight of the other factors overcomes it. *See id.* (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal). The Court finds the balance of the factors favors dismissal for Plaintiff's failure to prosecute.

A dismissal under Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits." *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) ("Unless otherwise specified, such a [Federal Rule of Civil Procedure 41(b)] dismissal operates as an adjudication upon the merits.") (internal quotation marks omitted). Thus, this case is dismissed with prejudice.

### III.   CONCLUSION

This action is **DISMISSED WITH PREJUDICE** for Plaintiff's **failure to prosecute**, and Defendant's motion for summary judgment is **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to enter judgment and close this case.

The Clerk of Court is directed to serve a copy of this Order on Plaintiff at his home address of 454 Krista Court, Chula Vista, CA 91910. Defendant is additionally **ORDERED** to send a copy of this Order to Plaintiff at his personal email address.

**IT IS SO ORDERED**.

DATE: July 14, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE